Manuel González Martínez, demandante y apelado, *v.* Carmela Marvel, demandada y apelante.

Núm. 8055.—*Sometido:* Enero 24, 1940. *Resuelto:* Abril 4, 1940.

*José C. Aponte* y *Ubaldo Aponte,* abogados de la apelante; *F. Rovira Calimano* y *F. Beiró Rovira,* abogados del apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Carmela Marvel era y es dueña de una casita que fué construída en una pequeña porción de terreno que linda por tres lados con una parcela mayor de la cual formaba y forma parte y por el otro con la carretera que conduce de Guayama

a Salinas. Apela de una sentencia que ordenó su lanzamiento, dictada en un procedimiento de desahucio.

El demandante era el dueño del terreno. Alegó: que sin su autorización y por mera tolerancia la demandada ocupaba el terreno en que la casa está enclavada; que la demandada no pagaba renta alguna y ocupaba la finca en precario.

La demandada negó la alegación relativa a que ella poseía sin autorización alguna y—como dueña de la casa adquirida por compra en abril de 1928 a Antonio Rivera, quien había construído la misma con dinero de su propio peculio y quien había estado en la posesión quieta, pública y pacífica de la misma como dueño de ella por espacio de más de quince años—alegó en su contestación que tenía autorización expresa del dueño y el derecho de usufructuar el terreno en que estaba ubicada la casa. La demandada negó que su posesión fuera por mera tolerancia del dueño o que ocupara el terreno en precario; e insistió en que tenía el usufructo y posesión por expresa autorización del dueño de la finca y que poseía la casa como dueña de la misma.

Los testigos del demandante declararon que la demandada era dueña de la casa en que vivía y que no pagaba canon o merced algunos. Uno de dichos testigos declaró que la demandada había vivido allí alrededor de catorce años y que antes de eso la casa había pertenecido a un caminero. El único testigo del demandante a quien se preguntó si el demandante había autorizado la construcción de la casa, no sabía si la misma había sido edificada con o sin autorización del demandante.

Los testigos de la demandada declararon en parte como sigue:

José María Angelí:

Identificó un documento fechado abril 24, 1928, por el cual y mediante el pago de la suma de $77.00, Carmela Marvel adquirió por compra de Antonio Rivera una casa de madera techada de zinc. Antonio Rivera era caminero. Trabajaba en el gobierno. El documento fué redactado por un hijo del testigo y suscrito en presen-

cia del testigo y de Manuel Torres, quien también firmó en presencia del testigo. La casa estaba ubicada en terrenos de don Manuel González. El dinero fué pagado en billetes de a peso, estando el testigo presente.

La venta fué de la casa solamente. Don Manuel no estuvo presente.

El testigo conocía la casa. El caminero la vivía. El testigo no sabía quién la construyó ni cuándo. Rivera le dijo al testigo que la casa pertenecía a él y que radicaba en terrenos de don Manuel González. El testigo había conocido la casa por espacio de diez o doce años, primero, porque el caminero la vivía y más tarde debido a la venta y a que el testigo pasaba por allí con frecuencia.

Carmela Marvel ocupaba la casa con su esposo e hijos. Había vivido en ella siempre desde que la compró. El caminero—hasta donde el testigo había podido observar—había vivido en la casa durante dos o más años antes de la venta. Pudo haber vivido allí durante un período más largo. Carmela Marvel había ampliado la casa después de haberla adquirido. Era una casa pequeña cuando ella la compró. Para la fecha del juicio era bastante cómoda y tenía luz eléctrica y balcón.

Eugenia Rodríguez:

Antonio Rivera era su esposo. No eran casados. Habían vivido en terrenos de don Manuel González. Cuando la testigo se fué a vivir con Antonio Rivera éste tenía una casita de paja. Él había vivido allí durante algunos años con Gabriela Paduani. Cuando la testigo se fué a vivir con él, éste dejó a Gabriela. Él le dijo a la testigo que había vivido en la casita con Gabriela por espacio de ocho años. Antonio Rivera y Gabriela habían construído la casita de paja. Se les quemó. Con la ayuda del Sr. Carpenter, administrador de la Central Aguirre, ellos construyeron una nueva casa—la que más tarde vendieron a doña Carmela. La casa nueva era de madera y zinc. La testigo y su marido vivieron seis años en esta casa nueva—desde 1922 a 1928. Durante ese tiempo Rivera no fué molestado en la posesión de la casa. Él era un caminero que estaba al servicio del gobierno de Puerto Rico en obras públicas. Don Manuel González nunca fué donde ellos ni les interrumpió en la posesión de la casa. La vendieron a Carmela Marvel por $77.00. Con ese dinero adquirieron otra casa en el barrio Borinquen del municipio de Salinas: Antonio Rivera murió en el año del ciclón de San Felipe, 1928, después de venderse la casa. Carmela había vivido la casa desde que la compró.

En la repregunta manifestó:

Ellos construyeron la nueva casa en el mismo sitio. Sabían que el terreno pertenecía a don Manuel. Rivera construyó con permiso de él. Rivera era caminero y don Manuel le había concedido el sitio. La testigo sabía que don Manuel le había dado permiso a Rivera porque Rivera se lo había dicho. Sabía que el terreno no era de ellos. Vivieron unos tres años en la casa nueva. La habían construído en 1925, más o menos inmediatamente después de haberse quemado la otra. Rivera dijo que don Manuel le había dado permiso desde la época en que se construyó la primera casa. La testigo no sabía si Rivera le había pedido permiso a don Manuel para construir la nueva casa. Don Manuel no intervino con nada. Benigno Patiño era el mayordomo. Él vivía en Besosa, cerca de allí y pasaba a veces por aquel lugar. Construyeron la casa nueva y don Manuel ni siquiera pasó por allí.

En el examen redirecto:

Don Manuel les ayudó en la reconstrucción de la casa con ''el permiso nada más del solar que Rivera tenía antecedente''. No le prohibió al caminero que fincara su casita porque ya le había dado el permiso para construir la primera. Él no intervino en la fabricación de la segunda casa. Ellos no le pidieron permiso y él tampoco se lo dió por habérselo dado antes para la construcción de la primera casita.

AGUSTÍN DE JESÚS:

Era agente especial del Departamento del Trabajo y miembro de la Cámara de Representantes por el Distrito de Salinas y Guayama. Había conocido a Carmela Marvel durante 18 años. Conoció a Antonio Rivera, que era el caminero encargado de cierta sección de la carretera núm. 3, desde Besosa hasta un punto que quedaba cerca a la escuela del Coquí, parte en Salinas y parte en Guayama. Rivera tenía un rancho de paja a la orilla de la carretera en una finca que se decía pertenecía a don Manuel González, pero que el testigo no lo sabía. La casa estaba allí en 1917. Fué destruída por un incendio en 1922. Para aquel entonces Rivera era miembro de la unión agrícola que tenían en Aguirre y fué a solicitar la cooperación para construir una nueva casa de madera; construyó la casa nueva con la cooperación. Carmela Marvel le compró la casa nueva a Rivera. Desde que Carmela compró la casa hasta el momento del juicio no

había sido molestada en su posesión. Ella la había reparado, le sacó un colgadizo y le construyó el balcón. Al tiempo del juicio valía como $400. Rivera nunca había estado empleado con González ni había sido medianero suyo. Siempre había trabajado con el gobierno insular como caminero. En unión a Juan García, superintendente a cargo del distrito, él solicitó permiso para construir el rancho de paja y Manuel González se lo había concedido.

En la repregunta:

Con anterioridad al pleito de desahucio don Manuel nunca requirió a Carmela Marvel para que le entregara la posesión. El testigo con frecuencia visitaba la casa y la gente del vecindario le informaban todos sus problemas. Fué Juan García, encargado del distrito, quien habló con don Manuel González en 1922.

CARMELA MARVEL:

Había conocido a don Manuel González por espacio de 20 años. Adquirió la casa de Antonio Rivera por $77. Vivió en ella durante más de diez años, o sea desde que la compró. El documento fué suscrito en la tienda de José María Angelí. Él contó el dinero. La testigo sabía en aquella época que el terreno pertenecía a don Manuel González. La casa era propiedad de Antonio Rivera, el caminero. Él vivía en ella cuando la compró. La testigo sabía que él había vivido en la casa cuatro años antes de eso. Anteriormente él tenía una casita de paja. La testigo había pasado por aquel lugar con frecuencia. A ella nunca se le había molestado en la posesión hasta el momento en que se entabló el pleito de desahucio. La testigo había ampliado la casa. Nadie se opuso a que ella hiciera las ampliaciones. Don Manuel pasaba por allí casi todas las semanas y nunca le dijo nada. La testigo no pidió permiso para hacer las reparaciones. Antes de comprar la casa, la testigo le pidió permiso a don Manuel, le preguntó si podía comprarla. Él le dijo que podía comprarla y que pidiera buenos papeles para que no hubiera alegaciones. La testigo entendió que por buenos papeles él quería decir que ella debía pedir escritura cuando comprara la casa.

En la repregunta manifestó:

Que pidió permiso para comprar la casa porque Rivera le había dicho que la casa estaba enclavada en terrenos de don Manuel y que ella debía primero hablar con él. Entonces fué que habló con él y él le dijo: ''Cómprala y pide buenos papeles.'' Sabía que el

471

terreno no le pertenecía a ella. Cuando le pidió permiso a don Manuel para adquirir la casa, Pepe García estaba presente, pero no quiso decir nada.

No se ofrecieron testigos de refutación. El testimonio incontrovertido de los testigos de la demandada estableció hechos que son suficientes para hacer caer el presente caso dentro de la doctrina sentada en los de *Ermita de Nuestra Señora del Rosario* v. *Collazo,* 41 D.P.R. 596, y *Rivera* v. *Santiago,* ante pág. 381.

*Debe revocarse la sentencia apelada y declararse sin lugar el procedimiento de desahucio.*

El Juez Asociado Sr. Wolf está conforme con la revocación por el fundamento de que la sentencia de la corte inferior no hizo disposición alguna en favor de la demandada ni proveyó nada para determinar el presente valor de la casa, todo ello de acuerdo con el artículo 18 de la ley de desahucio.