Rosalina Feliciana, Raquel Vicenta y Lydia Amada Martínez y del Moral, menores de edad representadas por su padre con patria potestad, Angel Martínez González, demandantes y apelados, *v*. Antonio Vivaldi Pacheco y su esposa Eugenia Olivieri, y Rafael Blanch, demandados y apelantes.

Núm. 7970.—*Sometido:* Febrero 21, 1940. *Resuelto:* Octubre 29, 1940.

*Enrique Báez García,* abogado de los apelantes; *José Sabater,* abogado de las apeladas.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

En 1924 Doña Carmen Nadal y Freyre, abuela de las demandantes y dueña de un solar urbano, permitió que Rafael Blanch construyera sobre el mismo una casa de ladrillos. En 1925 Doña Carmen autorizó a Blanch, que también era su arrendatario, que construyera otra casa sobre el solar.

Beatriz Mercedes Martínez y sus tres hermanas se convirtieron más tarde en condueñas de una participación indivisa del solar. Beatriz vendió su participación a Antonio Vivaldi Pacheco. Vivaldi vendió ésta y otras participaciones indivisas a Blanch.

Las tres hermanas entonces iniciaron el presente recurso para redimir la participación indivisa vendida por Beatriz a

Vivaldi y por éste a Blanch. La corte de distrito dictó sentencia en favor de las demandantes.

El artículo 1412 del Código Civil (edición de 1930) provee:

"El copropietario de una cosa común podrá usar del retracto en el caso de enajenarse a un extraño la parte de todos los demás condueños o de alguno de ellos.

". . . . . . . ."

Podría admitirse que Blanch—con anterioridad a la fecha en que adquirió de Vivaldi—no era un condueño del solar sobre el cual estaban construídos sus edificios. Véanse, sin embargo, las sentencias del Tribunal Supremo de España de: julio 12, 1881, 47 Jur. Civil 122; marzo 9, 1893, 73 Jur. Civ. 349; julio 9, 1903, 96 Jur. Civ. 140; y noviembre 27, 1906, 105 Jur. Civ. 821.

Aunque Blanch no fuera un arrendatario, aún así, él tendría ciertos derechos posesorios substanciales. Véanse *Rivera v. Santiago,* 56 D.P.R. 381, y *González Martínez v. Marvel,* 56 D.P.R. 466. Como dueño de las dos casas, edificadas ambas por él, en terreno de su arrendataria con conocimiento y consentimiento expreso de ésta, e inscritas a su nombre en el registro de la propiedad, él no era "un extraño" dentro del significado de esa frase tal cual la misma se usa en el artículo 1412, supra. En su consecuencia, las demandantes no tenían derecho a redimir la participación indivisa de Beatriz Martínez, vendida por ella a Vivaldi y por éste a Blanch.

*La sentencia apelada debe ser revocada y declararse sin lugar la demanda.*