## LANDRÓN *v.* SALDAÑA.

### APELACIÓN procedente de la Corte de Distrito de

### San Juan.

No. 1. Resuelto en Mayo 12, 1905.

DOCUMENTOS PRIVADOS.—VALOR PROBATORIO.—El documento privado, reconocido legalmente en juicio, tiene la misma fuerza y validez con respecto á la parte que lo hubiere suscrito, que tendría una escritura pública.

FALTA DE PERSONALIDAD DE LAS PARTES.—El hecho de que una persona sea hija natural no le inhabilita para comparecer en juicio, ni supone falta de personalidad la circunstancia de que el nombre con que comparezca no le corresponda legalmente, no habiéndose probado que hubiera hecho uso de un nombre supuesto para usurpar acciones y derechos que no le pertenecieran.

IRREGULARIDADES EN LA CITACIÓN.—COMPARECENCIA DE LA PARTE.—Cualesquiera que fueren los defectos ó irregularidades cometidas en la citación de una parte para juicio, quedan subsanadas por su comparecencia al mismo.

ACCIÓN CIVIL Y CRIMINAL.—SUSPENSIÓN DEL JUICIO.—Cuando de la violación de un derecho surja el ejercicio de la acción civil y criminal, el derecho de ejercer la una, no impide el derecho de ejercer la otra, por lo que la presentación de una denuncia criminal, no es motivo suficiente para decretar la suspensión de un juicio civil, seguido en relación con los mismos hechos.

DESAHUCIO.—CUESTIONES DE PROPIEDAD.—En un juicio de desahucio no pueden discutirse cuestiones referentes al dominio ó propiedad de la finca objeto del mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Freyre Barbosa.*

Abogado del apelado: *Sr. Alvarez Nava.*

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del Tribunal.

En once de Abril del año próximo pasado Don Tomás Landrón Rodriguez demandó en juicio de desahucio, ante el Juez Municipal de Vega baja, á Don Fernando Saldaña y López de Victoria, del mismo vecindario, para que le desalojara una casa de su propiedad sita en la calle del Centro de aquella población que le tenía arrendada por haber vencido el treinta y uno de Marzo anterior el término del contrato de arrendamiento que tenían celebrado y constaba de un documento privado suscrito por ambos contratantes el que presentó después en el acto del juicio en unión de la escritura de propiedad de dicha casa, otorgada á su favor por Ramona Marrero, en cinco de Setiembre de mil novecientos tres, ante el Notario de esta ciudad Don Gabriel Guerra y Acosta, inscrita á su favor en el Registro de la Propiedad.

Celebrado el juicio verbal con asistencia de ambas partes, alegó el demandado las excepciones de falta de personalidad del demandante "por carecer de la calidad necesaria para comparecer en juicio", extremo que dijo dejaba acreditado plenamente, con una certificación que presentó, expedida por el Sr. Cura Párroco de aquella localidad de la que aparecía el actor como hijo natural de María Dionicia Rodriguez; la de nulidad de la papeleta de citación, por no estar extendida con todos los requisitos que exigía la ley procesal y por incumplimiento por parte del demandante de una de las condiciones establecidas en el contrato de arrendamiento y según la que, "en el caso de que el Sr. Saldaña interesara continuar en la ca-

sa por más tiempo, se sujetaría á las condiciones que se estipularon", lo que no había podido tener efecto, por la precipitación con que había procedido el demandante á establecer la demanda; y por último que tanto la vendedora de la casa Ramona Marrero, como el comprador Don Tomás Landrón, habían incurrido en el delito de falsa representación ó impostura, puesto que la Ramona Marrero, anterior dueña que había sido de la casa, se la había vendido al demandado por escritura pública de veinte y siete de Mayo del mil novecientos dos, que presentaba para su agregación á los autos, y que prevalida de no haber podido inscribirla en el Registro de la Propiedad, se la vendió después al demandante Don Tomás Landrón Rodriguez, el que la inscribió á su nombre en el Registro, por lo que pidió se suspendiera el juicio y se sacara el tanto de culpa correspondiente para proceder contra ambos, por el delito que denunciaba en aquel acto.

El Juez desestimó las excepciones propuestas por el demandado, y de conformidad con los Asociados dictó sentencia en 30 de Junio del año próximo pasado declarando con lugar el desahucio solicitado por Don Tomás Landrón Rodriguez, y condenando al demandado Don Fernando Saldaña, á que en el improrrogable término de ocho días desalojara la casa y la pusiera á disposición de su dueño, bajo apercibimiento de que, de no hacerlo así, sería lanzado á su costa; y condenándolo además en todas las costas causadas.

Contra esta sentencia apeló el demandado Don Fernando Saldaña para ante la Corte de Distrito de San Juan y celebrado el juicio y recibidas las pruebas propuestas por ambas partes, entre ellas el reconocimiento por el demandado y apelante, de la firma que con su nombre y apellido aparece puesta al pié del contrato de arrendamiento y las declaraciones de varios testigos que aseguran que Don Tomás Landrón Rodriguez y Don Tomás Rodriguez son una misma persona y que el primero es el nombre que

usa y acostumbra generalmente y por el que todos lo conocen, dictó sentencia el Juez de dicha Corte de Distrito en veinte y seis de Noviembre del mismo año confirmando la sentencia apelada en todas sus partes, con las costas de ambas instancias á cargo del apelante.

Interpuesta apelación de esta sentencia por el demandado Sr. Saldaña para ante esta Corte Suprema, y presentado los alegatos de las partes, insistiendo el apelante en el suyo en sostener que él es el dueño preferente de la casa de que se trata, por habérsela vendido á él la anterior dueña antes que al demandante Don Tomás Landrón Rodriguez, se señaló día para la vista á cuyo acto solo asistió el Abogado defensor de la parte apelada.

El contrato privado de arrendamiento literalmente copiado dice así:

"CONTRATO.—Por el presente hago constar que con esta fecha he cedido en alquiler á Don Fernando Saldaña, vecino de esta Villa, por el término de siete meses á contar del primero del corriente hasta el último del mes de Marzo del próximo año de mil novecientos cuatro, una casa de mi propiedad radicada en la carretera del Oeste de la población continuación de la calle del "Centro", en la cantidad de cuarenta y dos dollars, que confieso tener recibidos; y bajo los particulares siguientes:—En el caso que el Sr. Saldaña interese continuar ocupando la casa por más tiempo, se sugetará á las condiciones que se estipulen; y 2o.—Si por vencimiento del alquiler á que se refiere este documento, tuviera que acudirse á las vías judiciales para el desalojo de la casa, serán de cuenta del Sr. Saldaña todos los gastos, costas y costos que se originen hasta la terminación del litigio.—Y para prueba de quedar conformes con las condiciones estipuladas, firma el Sr. Saldaña el presente, en Vega-baja á 10 de Septiembre de 1903.—Fernando Saldaña.—Tomas Landron."

El contesto literal de ese documento, que como se ha dicho ha sido reconocido en juicio por el demandado, y por consiguiente hace prueba contra él, como si fuera una escritura pública según el artículo 1193 del Código Civil revisado acredita, pues, que al interponerse la demanda

de desahucio en once de Abril del año próximo pasado, el contrato de arrendamiento estaba ya vencido con exceso, toda vez que convenido el término de su duración por siete meses, á contar desde el primero de Setiembre de mil novecientos tres, hasta el último día del mes de Marzo del año.siguiente de mil novecientos cuatro, y habiéndose establecido la demanda el día once de Abril del mismo año, es evidente que el controto de arrendamiento estaba vencido con exceso de unos días, cuando se interpuso la demanda, no habiendo probado el demandado que hubiera sido prorrogado de. conformidad de las partes, pero ni siquiera que hubiera intentado obtener la prórroga como pudo hacerlo.

En cuanto á las demás excepciones alegadas por el demandado en el acto del juicio, en ninguna de ellas merece tomarse seriamente en consideración la falta de personalidad del demandante, porque nada ha probado el demandado para demostrar que careciera de ella el demandante Don Tomás Landrón Rodríguez, toda vez que ni la calidad de su nacimiento lo inhabilitaba para comparecer en juicio, ni se ha probado que hubiera hecho uso de un nombre supuesto para usurpar acciones ó derechos que no le pertenecieran la de nulidad de la citación, porque cualesquiera que hubieran sido los defectos que se hubieran cometido en la cédula de citación, quedaron subsanados con la presentación personal del demandado en el juicio, en cuyo acto pudo alegar y alegó realmente todo cuanto creyó más pertinente á su derecho; y en cuanto á la suspensión del juicio por la denuncia que formuló contra el comprador y la vendedora de la casa, por los supuestos delitos de falsa representación é impostura, porque ni con arreglo á la antigua Ley procesal la denuncia de un delito dentro de un procedimiento civil, bastaba para suspenderlo, ni mucho menos hoy que con arreglo al artículo 2o. del nuevo Código de Enjuiciamiento Civil, "cuando la violación de un derecho permita, el ejercicio de ambas ac-

ciones, la civil y la criminal, el derecho de ejercer la una, no impide el derecho de ejercer la otra."

Por último tampoco puede tomarse en consideración cuanto se alega por el apelante respecto á su pretendido derecho de propiedad sobre la casa en cuestión, porque tratándose de un juicio de desahucio en el que no puede discutirse sobre la propiedad, aquella alegación resulta impertinente.

Por todas estas consideraciones el Juez que suscribe es de parecer que procede confirmarse la sentencia apelada, con las costas.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.