ANDINO, DEMANDANTE Y APELADO, *v.* CANALES, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre desahucio en precario.

No. 1916.—Resuelto en marzo 31, 1919.

DESAHUCIO EN PRECARIO—NATURALEZA DEL PROCEDIMIENTO DE DESAHUCIO—CUESTIONES DE PROPIEDAD.—El juicio de desahucio es un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble, lanzando de él a quien lo detente sin título alguno para ello; y cuando el demandado alega algún

título para la posesión, si. esa alegación no está desnuda de toda prueba, no debe decretarse el desahucio, sino que las partes deben discutir en juicio ordinario cuál tiene el título legal a la finca, antes de que pueda prosperar la acción de desahucio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Ignacio Hernández.*

Abogado del apelado: *Sr. Antonio Trujillo.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El demandante apelado Agustín M. de Andino radicó en la Corte de Distrito de San Juan, Sección Segunda, con fecha 28 de abril de 1917 una demanda contra la demandada apelante Juana Canales sobre desahucio en precario, alegando ser dueño de una casa y solar que describe en la demanda, sita en el barrio de Cataño del término municipal de Bayamón, que detenta la demandada precariamente sin pagar canon o merced alguna, por lo que solicita se ordene el desalojo de la finca descrita, con costas, gastos y desembolsos de la acción a cargo de la demandada.

La demandada contestó la demanda negando las alegaciones esenciales de la misma y como materia nueva constitutiva de defensa alega que la finca urbana objeto del desahucio es de su propiedad por corresponderle la mitad de ella como participación en una sociedad civil industrial de ganancias que desde hacía más de 42 años había constituído con Pablo Figueroa Díaz, siendo éste sastre y ella costurera, y haber adquirido la otra mitad por cesión que le hiciera la heredera del referido Pablo Figueroa llamada Ramona Figueroa, habiendo estado en posesión quieta, pública, pacífica y no interrumpida de la finca desde la muerte de Pablo Figueroa y ambos en vida de éste.

La corte dictó sentencia en 23 de marzo de 1918 declarando con lugar la demanda y decretando el desahucio contra la demandada Juana Canales, contra cuya sentencia interpuso ésta recurso de apelación para ante esta Corte Suprema.

La única cuestión a resolver en el presente recurso es si

la demandada posee en precario la finca urbana de que tiene título de dominio el demandante.

Las pruebas del demandante tienden a demostrar que él es dueño del solar y casa de que se trata a virtud de escritura de compraventa otorgada a su favor por Teresa y Encarnación Díaz en 24 de diciembre de 1915 y que las vendedoras habían adquirido el solar por cesión que les hiciera El Pueblo de Puerto Rico por escritura pública de 30 de septiembre de 1915 y la casa por herencia de su difunto hermano Pablo Figueroa Díaz, del que fueron declaradas herederas abintestato por resolución judicial. Y las pruebas de la demandada tienden a demostrar que ella y Pablo Figueroa vivieron juntos bajo un mismo techo por más de cuarenta años, siendo Figueroa sastre y la demandada costurera y juntos trabajaban, habiendo comunidad de ganancias y de gastos, durante cuya vida común fué edificada con los ahorros de ambos la casa que ocuparon hasta que murió Pablo Figueroa en 2 de mayo de 1908, ocupándola después Juana Canales sin solución de continuidad.

Ya dijimos al resolver el caso de *Torres et al.* v. *Pérez,* 18 D. P. R. 573, en el cual el demandante presentó título inscrito en el registro para acreditar el dominio que alegaba "que el juicio de desahucio es un procedimiento especial que no sirve para resolver sobre derecho de propiedad y que cuando el demandado alega un título para la posesión, si esa alegación no está desnuda de toda prueba no debe decretarse el desahucio y deben las partes discutir en juicio ordinario cuál es el que tiene el título legal a la finca antes de que pueda prosperar tal clase de acción."

Las pruebas aportadas al juicio no permiten afirmar que la demandada posee en precario, esto es, sin título alguno, la finca de que se trata, pues ella alega poseer en concepto de dueña y esa alegación al menos en cuanto a corresponderle alguna participación en el dominio de la casa no está desnuda de toda prueba.

Según sentencia del Tribunal Supremo de España de 29

de mayo de 1906, 104 C. J. 424, cuya doctrina aceptamos en
el caso de *Veve et al.,* v. *The Fajardo Sugar Grower's Associa-
tion,* 18 D. P. R. 282, ''la acción de desahucio sólo es proceden-
te cuando entre el arrendador y el arrendatario o el dueño de
la finca y quien la lleva en precario no existen más relaciones
jurídicas que las derivadas de dicho carácter, y cuando acerca
de ellas no existen dudas fundadas que requieran un examen
y discusión, propios solamente del juicio declarativo corres-
pondiente.''

Sobre las relaciones jurídicas del demandante como dueño
y la demandada como precarista o poseedora en precario exis-
ten dudas fundadas, derivadas de otras relaciones que exis-
tían entre Pablo Figueroa y Juana Canales, por vivir juntos,
con mutua ayuda, aportando cada uno para ambos el esfuerzo
de su trabajo, durante cuya vida común fué construída con
recursos de ambos la casa de que se trata.  Ante esas dudas
no puede menos de apreciarse que existe una cuestión previa
de derecho, de gran trascendencia, que no puede resolverse
en un juicio de desahucio sin las garantías de defensa e in-
formación que ofrecen los juicios declarativos.

Ciertamente que la demandada no ministró prueba directa
con el fin de justificar que hubiera constituído con Pablo Fi-
gueroa Díaz una sociedad civil industrial según alegación es-
pecial de su contestación a la demanda; pero es de notar que
ella negó generalmente las alegaciones esenciales de la deman-
da y, por tanto, que poseyera en precario; y bajo esa nega-
ción general tenía cabida cualquier prueba tendente a demos-
trar la inexistencia del precario como lo fué, según hemos di-
cho, la prueba que ministró y que fué admitida sin oposición
alguna por parte del demandante.

Por las razones expuestas es de revocarse la sentencia
apelada, reservándose al demandante el derecho de que se
crea asistido para que lo ejercite en el juicio correspondiente.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Asociados Sres. Wolf y Aldrey disintieron.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. ALDREY, CON LA CUAL ESTÁ CONFORME EL JUEZ ASOCIADO SR. WOLF.

Aunque la apelante contestó la demanda de desahucio alegando que era dueña de la casa objeto del juicio por corresponderle una mitad por haber sido construída por Pablo Figueroa con dinero de ambos obtenido en la sociedad civil industrial de ganancias que con ella tenía constituída y la otra mitad por cesión que le hizo una hija natural de su socio, sin embargo la prueba no demostró la existencia de contrato alguno de sociedad civil industrial de ganancias sino solamente que la apelante y Pablo Figueroa vivieron en concubinato durante el cual fué construída la casa por Pablo Figueroa.

Como la demandada apelante y Pablo Figueroa no eran socios en virtud de ningún contrato de sociedad autorizado por los códigos de esta isla y como el concubinato no crea la sociedad legal de gananciales establecida solamente para los matrimonios, el hecho de que la demandada y Pablo Figueroa vivieran juntos por muchos años, con mutua ayuda, aportando cada uno para ambos el esfuerzo de su trabajo y que durante esa vida común fuera construída la casa con recursos de ambos no convertía a la demandada Juana Canales en dueña de una mitad de dicha casa y, por tanto, no es obstáculo para detener la acción de desahucio ejercitada en este caso. En cuanto a que fuera dueña de la otra mitad por cesión que le hiciera una hija natural de Pablo Figueroa no se presentó prueba alguna sobre ese extremo.

Por lo expuesto, debió ser confirmada la sentencia inferior que declaró con lugar la demanda de desahucio.

Estoy autorizado para decir que el juez asociado Sr. Wolf está conforme con esta opinión disidente.