Domingo Massini Pietri, demandante y apelante, *v.* Catalina Rivera, Dionisio y Juan Echavarría, demandados y apelados.

No. 3830.—*Visto:* Enero 28, 1926. *Resuelto:* Febrero 17, 1926.

Desahucio— Desahucio en Precario— Procedencia del Mismo — Conflicto de Derechos.—Cuando las alegaciones de los demandados no están desprovistas de todo fundamento, y existe un principio de evidencia que aparentemente demuestra que la posesión no es en precario, el conflicto que se levanta debe ventilarse en un juicio ordinario y no dentro de los límites del procedimiento de desahucio.

Sentencia de *Tomás Bryan,* J. (Aguadilla), declarando sin lugar demanda de desahucio, sin costas. *Confirmada.*

*Enrique González Mena,* abogado del apelante; *F. A. González Suárez,* abogado de los apelados.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Domingo Massini inició un procedimiento de desahucio contra los demandados Catalina Rivera, Juan y Dionisio Echavarría, alegando que es dueño de una finca rústica con una cabida de 33 cuerdas, radicada en el barrio "Laguna" de Aguada, y que los demandados, en una porción como de una y media cuerda de la finca principal, tienen construídas tres casas de su propiedad, pero sin pagar canon o merced alguna al demandante, detentando precariamente el terreno en que están enclavadas las casas.

La demandada Catalina Rivera alegó ser dueña del te-

rreno en una extensión de una cuerda, en que está radicada su casa de altos y bajos, y otra terrera perteneciente a Juan Echavarría; que viene viviendo dicha casa por más de 25 años y la adquirió junto con el terreno por liquidación de gananciales a la muerte de su esposo Miguel Echavarría.

Dionisio Echavarría sostuvo a su vez que su casa no está en el terreno que describe el demandante sino en una finca perteneciente a Wenceslao Echavarría, que colinda con el demandante.

Se desprende de la prueba que si bien Miguel Echavarría vendió la finca principal, la que por sucesivos traspasos vino al poder del demandante, aparece claro que no dispuso de la casa de altos y bajos, que aparece adjudicada a su esposa en testamento que otorgó en noviembre 11, 1915. El demandante presentó, sin embargo, el testamento intentando demostrar que el testador había conservado la casa y no el terreno cuando en la cláusula séptima dice:

"Séptima.—Que sus bienes de fortuna son los siguientes: dos casas, una de dos plantas y otra terrera enclavadas dentro de una propiedad de que fué dueño y que hoy pertenece a la sucesión de don Rafael Barletta, en el barrio de Laguna de Aguada, * * * "

De todos modos resulta que se trata de una cláusula testamentaria sujeta a interpretación para determinar una cuestión de títulos, y si añadimos que Catalina Rivera por varios años ha pagado las contribuciones de la casa y una cuerda de terreno; que el testigo Marcos Soto, administrador de la finca del demandante, parece decir que dicha finca colinda por el terreno en que está sita la casa de Catalina Rivera y que en la demanda se alega que Dionisio Echavarría tiene enclavada su casa en la cuerda ocupada por Catalina Rivera, hay que concluir, siguiendo la constante y repetida jurisprudencia de este Tribunal Supremo, que por tratarse de un conflicto de títulos no es un caso para ventilarlo en un juicio de desahucio sino mediante un procedimiento ordinario.

Por todo lo cual, *debe confirmarse* la sentencia apelada.