León Segundo González, demandante y apelante, *v.* Luciano Colón León, demandado y apelado.

No 7127.—*Sometido:* Enero 30, 1936. *Resuelto:* Febrero 7, 1936.

Luis Mercader, abogado del apelante; *E. Martínez Avilés,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Es ésta una acción de desahucio iniciada por León Segundo González contra Luciano Colón, solicitando el lanzamiento de este último de una parcela de terreno perteneciente en pleno dominio al demandante y detentada precariamente

por el demandado, sin título ni derecho alguno, según se alega en la demanda. Se alegó además y se probó que en 25 de mayo de 1934, la misma corte de distrito, y el mismo juez, dictó sentencia declarando sin lugar una información de dominio presentada por el ahora demandado con el propósito de que se declarase que él es dueño de la parcela objeto de este litigio. También presentó en evidencia el demandante una resolución de 7 de octubre de 1924, en la cual la Corte de Distrito de Arecibo aprobó una información de dominio del ahora demandante que incluye la misma parcela en litigio.

■ El demandado alegó como defensa especial que hace más de treinta y ocho años, o sea desde 1897, viene poseyendo en carácter de dueño, quieta y pacíficamente, sin interrupción alguna, la parcela de terreno que sirve de base a esta acción. La corte inferior, que examinó la prueba, resolvió que existía un conflicto de títulos que no podía ser dirimido en una acción sumaria de desahucio y declaró sin lugar la demanda. No conforme con esta sentencia el demandante apela de la misma, alegando que la corte inferior erró al no reconocer el impedimento de cosa juzgada en el demandado Luciano Colón con motivo de haber sido vencido en el procedimiento de información de dominio resuelto en 25 de mayo de 1934. El error apuntado no existe. Las resoluciones dictadas en informaciones de dominio no constituyen cosa juzgada. Así lo ha declarado esta corte en *El Pueblo* v. *Dimas,* 18 D.P.R. 1061, y así lo sostiene también Barrachina cuando dice que ''la providencia de dominio no es una sentencia con la santidad de la cosa juzgada que no puedan atacar aquéllos que fueron parte en el asunto.'' (4 Barrachina, 322.) Y Morell, en su obra sobre ''Legislación Hipotecaria'', tomo 5, pág. 529, se expresa así:

''En los casos normales, el interesado presenta un escrito acompañando el título en que se funda, escritura o documento privado, y la prueba consiste en ese documento, en la audiencia del trasmitente y en una información testifical; se publican los edictos, no se opone el Ministerio fiscal ni persona alguna, y queda declarado el dominio.

La ley no iba más allá. El reglamento ha perfeccionado mucho este procedimiento.

"Sobre el carácter y efectos del mismo; la sentencia de 21 de marzo de 1910, sienta la doctrina siguiente:

"El art. 404 de la Ley Hipotecaria (hoy 400), al facultar a los que carecen de título o dominio inscrito para justificarlo o inscribirlo mediante la instrucción del oportuno expediente en el Registro de la Propiedad, lo mismo que el 397, en relación a la mera posesión, se limitan a establecer un procedimiento especial al exclusivo efecto de habilitar de título posesorio o de dominio al que no lo tenga, sin que, por tanto, en la resolución que les ponga término se haga declaración de derechos de ninguna clase, ni la misma inscripción en el Registro, que en cumplimiento de ésta se verifique, constituye por sí sola título de dominio, sino garantía del reconocido por el derecho; pudiendo, en su virtud, los opuestos en esa clase de expedientes o cualquier otro interesado, consentida o confirmada que sea, caso de apelación, la providencia que recaiga, hacer uso de la acción de que se crean asistidos en el juicio declarativo que corresponda."

■ Se alega además que la corte cometió error grave y manifiesto al apreciar la prueba y al imponer las costas al demandante a pesar de perseguir un remedio al amparo de un fallo favorable por el mismo juez que presidió la vista de este asunto.

El demandante ofreció prueba documental y testifical. La prueba documental tiende a demostrar que es dueño de la parcela de terreno que se describe en la demanda y que al demandado le fué denegada una información de dominio sobre la referida parcela. La prueba testifical consiste de las declaraciones de Juan Maldonado y Celestino Collazo, y el testimonio del propio demandante. Estos testigos declaran que el demandado está poseyendo la parcela en cuestión, pero niegan que posea en concepto de dueño. Juan Maldonado dice que conoció la finca del demandante León Segundo González desde el año 1917 en que se trasladó allí, porque compró una finca colindante; que cuando llegó a ese sitio encontró a Luciano Colón ocupando doce cuerdas de esa finca; que de esa fecha para atrás no sabe nada; que el demandado estaba trabajando allí, pero que nunca lo ha reconocido como

dueño de la propiedad; que no ha visto al demandante trabajando en esas doce cuerdas. Celestino Collazo declara que. conoce la finca de León Segundo González hace tiempo y que Luciano Colón ocupa doce cuerdas; que no sabe a quién pertenecen esas doce cuerdas; que no pertenecen a Luciano Colón; que no sabe si son de la finca de León Segundo Gonzázález, y que ha conocido al demandado trabajando allí. El demandante declara que dió esas doce cuerdas al demandado para que "se metiera" y sembrara frutos; que le ha requerido para que se vaya y que continúa allí; que dicha parcela forma parte de su finca de 133.89 cuerdas.

La prueba del demandado consiste de las declaraciones de Domingo Pérez Hernández, Gregorio de León, Francisco Pérez y Bautista Pérez Lugo, y de su propio testimonio. Esta prueba tiende a demostrar que el demandado viene poseyendo en concepto de dueño la parcela objeto de este litigio por un ·período de treinta años. Declaró el demandado que en 1897 Faustino Vázquez, su suegro, le vendió la referida parcela y que el demandante en ningún momento ha estado en posesión de la misma. Bautista Pérez Lugo declara que el demandado posee la finca como dueño sin que nadie se haya metido a discutirle el título. Domingo Pérez declara que ha visto a Luciano Colón en la referida propiedad por un período de más de treinta años; que el demandado le compró a su suegro; que en el año 1920, siendo márshal de la Corte Muni· cipal de Manatí, fué a embargar esa finca por una demanda de Polanco a Luciano Colón, y que por eso la conoce; que dicha finca siempre ha sido de Luciano Colón. Gregorio de León declara que tiene cuarenta y un años y que conoce al demandado viviendo en esa propiedad hace como treinta años y que no sabe cómo adquirió las referidas doce cuerdas. Francisco Pérez declara que tiene cuarenta y siete años y que hace como veinticinco o treinta que conoce a Luciano Colón trabajando en dicha propiedad; que Luciano dice que es de él, que de seguro no lo sabe; que no ha visto nunca al demandante en esas doce cuerdas.

La corte inferior, en su opinión, se expresa así:

"Tanto de la prueba del demandante como de la del demandado surge que Luciano Colón León viene ocupando una parcela de doce cuerdas, que es la misma cuyo dominio pretendió obtener dentro del caso número 13617 antes citado. No hay duda alguna tampoco de que Luciano Colón viene laborando hace algunos años en dichos terrenos, cultivándolos y recolectando sus productos y de que la posesión de la parcela que alega tener se remonta a bastantes años nos lo demuestran las declaraciones de los testigos por él presentados, entre ellos, Domingo Pérez, quien manifestó que en el año 1920, siendo el declarante márshal de la Corte Municipal de Manatí, estuvo a embargar esas doce cuerdas como pertenecientes a Luciano Colón León.

"¿La posesión de esas doce cuerdas, la ha tenido el demandado por mera tolerancia del demandante? Ésa es la esencia de la controversia en este caso y lo que hay que dilucidar. El demandante, para robustecer su caso, se ampara en la circunstancia de que habiendo este Tribunal fallado adversamente al demandado el expediente de dominio que tramitara, ello es significativo de que Luciano Colón León carece de derechos a tal posesión. Pero no lo entiende así el juzgador. El hecho de que en el expediente de dominio incoado por Luciano Colón León se fallara que él no había demostrado de forma convincente su derecho a tal dominio, no puede entenderse como demostrativo de que también carezca de derecho a la posesión. Aquel era un caso—refiriéndonos al pleito civil número 13617—en que el ahora demandado pretendía obtener se declarase a su favor el dominio de unas tierras, a cuya declaración se oponía una parte interesada y, cuando en casos de esa naturaleza surge oposición, tiene que ser muy diáfano, muy convincente el derecho de dominio alegado para que prospere. Ante la nebulosa que se cernió sobre el caso desde el propio instante en que se formulara oposición, estimó el juzgador lo más procedente desestimar la petición. Pero hay un hecho, de una elocuencia abrumadora, que milita en favor del ahora demandado, y es que la circunstancia de pedir él se le reconociera el dominio de esas doce cuerdas conlleva la presunción de que su posesión no era de las francamente toleradas por tercero, sino que podía aducir algún derecho a ella aunque fuera elemental.

"De modo, pues, que la contienda surgida en este caso de desahucio es muy sencilla. De un lado León Segundo González, alega ser dueño de 133.89 cuerdas y que el demandado viene detentando doce de ellas sin su consetimiento. De la otra parte, Luciano Colón León alega ser dueño de esas doce cuerdas por haberlas adquirido hace treinta y ocho años y haber venido en posesión de las mismas, al

éxtremo de haber tramitado un expediente de dominio que, a no ser por la oposición, quizá hubiese obtenido, y alega, además, que sus doce cuerdas fueron incluídas por el actor en un expediente de dominio que tramitara sin que él tuviera noticias de ello.''

La existencia de un conflicto de título es evidente de acuerdo con la prueba practicada. Este conflicto debe ser dilucidado en el juicio declarativo correspondiente y no en el procedimiento especial y sumario de desahucio. *Landrón v. Saldaña*, 8 D.P.R. 438; *Del Valle v. Andréu*, 11 D.P.R. 415; *Mehrhof v. Rodríguez*, 14 D.P.R. 59; *Elzaburu v. Chaves*, 15 D.P.R. 17; *Pesquera v. Fernández*, 16 D.P.R. 235; *Torres et al. v. Pérez*, 18 D.P.R. 573; *Andino v. Canals*, 27 D.P.R. 281; *Honoré v. Vargas*, 34 D.P.R. 185; *Massini v. Rivera*, 35 D.P.R. 58; *Hernández Martínez v. Padilla*, 35 D.P.R. 513; *Brunet v. Corte*, 45 D.P.R. 901.

En cuanto al pronunciamiento sobre costas, respetamos el criterio de la corte inferior en el ejercicio de sus facultades discrecionales.

*Debe confirmarse la sentencia apelada.*