Saturnino Negrón y Jovita Cruz Colón, etc., demandantes y apelantes, *v.* Juan Corujo, demandado y apelado.

Núm. 9470.—*Sometido:* Abril 9, 1947. *Resuelto:* Mayo 29, 1947.

---

*Ubaldo Aponte,* abogado de los apelantes; *Emilio Buitrago,* abogado de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En contestación a una demanda de desahucio en precario radicada en su contra, el demandado Juan Corujo alegó que nunca ha poseído la finca en cuestión precariamente y sí como condueño de la misma, habiendo vivido en ella por espacio de más de treinta años y tenido allí su casa y su familia. Trabada así la contienda el pleito fué a juicio. Luego de considerar prueba documental y testifical, el juez de la corte inferior fué de opinión que había surgido un conflicto de

títulos y declaró sin lugar la demanda. No conforme con la sentencia dictada, el demandante ha apelado para ante este Tribunal y en el alegato radicado señala cuatro errores como cometidos por dicha corte. Los dos primeros pueden discutirse conjuntamente. Éstos son al efecto de que la corte de distrito erró al admitir en evidencia copia de una carta dirigida al demandado por el Jefe Interino del Negociado de Contribuciones sobre la Propiedad; y al admitir el expediente de apremio seguido contra José Corujo, el cual incluye dos cartas, la primera dirigida al Colector de Rentas Internas por el jefe del citado Negociado y la segunda escrita al Colector de Rentas Internas de Patillas, aparentemente por Pedro Pablo Bonelli. Procederemos a discutir en seguida los errores indicados.

Después de ofrecerse por el demandante prueba documental y testifical tendiente a demostrar que él es dueño de la finca que se describe en la demanda, el demandado llamó como testigo al Lic. Nicolás Lecároz Largé, quien manifestó ser Jefe de la División de Embargos y Reclamaciones del Negociado de Contribuciones sobre la Propiedad del Departamento de Hacienda de Puerto Rico y tener bajo su custodia el expediente de apremio seguido por dicho Departamento contra José Corujo. El expediente fué ofrecido en evidencia inmediatamente por el demandado y la corte lo admitió por sobre la objeción del demandante. De él se infiere que en 16 de octubre de 1935 la propiedad de la cual se desea desalojar al demandado Juan Corujo fué vendida en pública subasta para el cobro de contribuciones y que la buena pro la obtuvo Pedro Pablo Bonelli. También aparece en él copia de una carta dirigida en 20 de marzo de 1942 al aquí demandado por el Jefe Interino del Negociado de Contribuciones sobre la Propiedad, haciéndole saber que la finca de 17 cuerdas que figuraba a nombre de José Corujo Flores había sido vendida en pública subasta al referido Pedro Pablo Bonelli en la fecha a que ya se ha hecho mención y que la misma fué

más tarde redimida por Santiago Corujo, hijo de José Corujo Flores. Asimismo figura en el expediente de apremio una carta suscrita en 20 de abril de 1940 por Pedro Pablo Bonelli para el Colector de Rentas Internas de Patillas, informándole que la finca de 17 cuerdas en el Barrio Río Arriba, había sido redimida dentro del término legal por Santiago Corujo, hijo de José Corujo Flores. También figura la dirigida en 17 de abril de 1940 por el Jefe del Negociado de Contribuciones sobre la Propiedad al Colector de Patillas. A la admisión y consideración de esas tres cartas se opuso el demandante.

Es regla elemental de derecho que declaraciones de referencia (*hearsay*) no son admisibles en evidencia. Pero las excepciones a esta regla son tan innumerables que de ordinario se ha dicho que las excepciones constituyen gran parte de la Ley de Evidencia en sí. La admisión de documentos, expedientes o records públicos forma una de las excepciones. La razón para ello es que como de ordinario tales documentos o expedientes son preparados por personas que no tienen motivo alguno para suprimir o alterar la verdad o para fabricar evidencia, son además preparados en el desempeño de un deber público y casi siempre bajo la sanción de un juramento oficial, los mismos constituyen una bien establecida excepción a la regla que se opone a que se admita prueba de referencia. La evidencia así admitida es prueba prima facie de aquellos hechos que resultan relevantes o pertinentes a la cuestión en controversia. 20 Am. Jur., sección 1023, pág. 861; Wigmore *on Evidence*, Tercera Ed., Vol. V, sección 1632, pág. 513; Idem, Vol II, sección 665 (1), pág. 782; y 32 C.J.S., sección 626, pág. 477.

Por otro lado, el artículo 69 de la Ley de Evidencia (artículo 431 del Cod. de Enj. Civil, Ed. 1933) provee que "otros documentos oficiales podrán probarse como sigue: . . . . 6.—Los documentos de cualquier otra clase en Puerto Rico, mediante el original o una copia, certificada por el guardador legal de aquél." Sólo se exige que se presente copia debi-

damente certificada del documento o expediente o que el original de éstos sea ofrecido en evidencia una vez que el mismo ha sido identificado por la persona que lo tiene bajo su custodia. En el presente caso se dió cumplimiento a este último requisito al admitirse el expediente de apremio seguido por el Departamento de Hacienda de Puerto Rico contra José Corujo Flores.[1] En él figuraban copias de las cartas dirigidas por el Jefe del Negociado de Contribuciones sobre la Propiedad al Colector de Rentas Internas de Patillas y por el Jefe Interino de dicho Negociado al aquí demandado. Habiendo sido escritas éstas en el curso ordinario de los deberes oficiales de dichos funcionarios, no hay duda de que bajo el precepto arriba expuesto y bajo nuestra propia ley las mismas eran admisibles en evidencia y podían ser consideradas por el juez sentenciador al resolver el caso. En cuanto a la carta dirigida por el adquirente Pedro Pablo Bonelli al Colector de Rentas Internas de Patillas, el supuesto error al admitirla, si lo hubo, no fué perjudicial, ya que su contenido aparecía en la escrita por el Jefe Interino del Negociado al demandado.[2] Bajo estas condiciones el juez de distrito no cometió error al admitir en evidencia el referido expediente de apremio del Departamento de Hacienda ni al considerar las cartas a que ya nos hemos referido. Los dos errores primeramente señalados por el demandante apelante no han sido, pues, cometidos.

En los otros dos errores señalados se sostiene que la corte de distrito erró al resolver que el demandado había presentado un principio de prueba para sostener que no poseía en precario la finca objeto del desahucio, sino que por el contrario posee a título de condueño de la misma; así como al resolver que de la prueba surge la existencia de un conflicto de títulos entre las partes que no es posible resolver dentro del procedimiento de desahucio. También discutiremos estos errores conjuntamente.

---

[1] *Cf.* Artículo 127 del Código Político.

[2] *Cf.* 20 Am. Jur., sección 1029, pág. 868.

Con el expediente de apremio a que ya nos hemos referido quedó plenamente demostrado que José Corujo Flores tenía una finca de 17 cuerdas en el Barrio Río Arriba de Patillas que fué adjudicada en pública subasta a Pedro Pablo Bonelli en 16 de octubre de 1935 y que dicha propiedad fué más tarde redimida, dentro del término legal([3]) por Santiago Corujo. La evidencia testifical por otra parte demuestra que la finca así redimida es la misma propiedad cuya posesión está ahora en controversia; que José Corujo Flores era padre del demandado y falleció luego de haberse vendido la propiedad en pública subasta; que la misma fué redimida por uno de los herederos, quien también murió, y que el demandado Juan Corujo y su familia han estado en posesión y vivido en dicha finca por espacio de más de 30 años. Con esta prueba ante sí el juez de distrito fué de opinión que había surgido un conflicto de títulos y que en su consecuencia la demanda de desahucio debía declararse sin lugar.

En innumerables ocasiones hemos resuelto que cuando en un procedimiento de desahucio la parte demandada presenta un principio de prueba tendiente a demostrar que está en posesión de la finca en concepto de dueño, la demanda debe ser declarada sin lugar toda vez que en un procedimiento sumario de desahucio no puede ventilarse una cuestión de título. *Colón* v. *Santiago,* 64 D.P.R. 312; *Pérez* v. *Castro,* 52 D.P.R. 274; *Lafontaine, et al.* v. *Lafontaine, et al.,* 30 D.P.R. 194; *Andino* v. *Canales,* 27 D.P.R. 281; y *Torres et al.* v. *Pérez,* 18 D.P.R. 573.

▇ De acuerdo con el artículo 348 del Código Político, tal cual existía para la fecha en que se redimió la propiedad en controversia y tal cual existe al presente,([4]) vendido un inmueble en pública subasta para el cobro de contribuciones, cualquier heredero puede redimir la propiedad dentro del año inmediatamente siguiente a la fecha en que se efectúa la adjudicación. Al redimir un heredero—y en este caso se dijo

([3]) Véase artículo 348 del Código Político.

([4]) Véase la enmienda introducida a este artículo por la Ley 138 de 9 de mayo de 1945, págs. 467, 475.

que Santiago Corujo lo era de su padre José Corujo Flores, dueño original de la finca vendida en el procedimiento de apremio—éste no readquirió la propiedad para sí exclusivamente, sino para beneficio 'de todos los demás herederos. *Hernández et al.* v. *Costa,* 16 D.P.R. 445. Es incuestionable que de la prueba en su totalidad surgió el conflicto de títulos y siendo ello así el juez de la corte inferior estuvo en lo cierto al declarar sin lugar la demanda.

*Debe confirmarse la sentencia apelada.*