# 96 DTA 55

## TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
### PANEL I

LINDA G. ROSARIO MARTINEZ
Demandante-Apelante

v.

MARISOL RODRIGUEZ REYES
Demandada-Apelada

Núm. KLAN-95-01354

San Juan, Puerto Rico, a 27 de marzo de 1996

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso de apelación plantea ante nos la improcedencia, como cuestión de derecho, de dilucidar y resolver, como cuestión de hecho, un conflicto de título entre la demandante y la demandada sobre bien inmueble objeto de procedimiento de desahucio sumario, por virtud del cual el Tribunal de Primera Instancia declaró, por ese motivo, sin lugar la demanda. Le asiste la razón a la parte demandante-apelante.

### I

La parte demandante-apelante, señora Linda G. Rosario Martínez, presentó demanda ante el Tribunal de Primera Instancia, sobre desahucio en precario, con fecha del 17 de marzo de 1995 contra la señora Marisol Rodríguez Reyes.

La parte demandada, aquí apelada, presentó ante el Tribunal de Primera Instancia contestación a la demanda en la cual negó que la propiedad inmueble perteneciera a la demandante-apelante y, por el contrario, aseveró y levantó como defensa afirmativa que dicha propiedad le pertenecía a ella y a su

hijo Wigberto Rosario Rodríguez. ■ El 23 de octubre de 1995 se celebró la vista en su fondo en este caso. Ambas partes presentaron prueba testifical y documental sobre la alegada titularidad de la propiedad inmueble en cuestión. ■ El Tribunal de Primera Instancia dirimió los conflictos de prueba presentados y declaró sin lugar la demanda de desahucio incoada, mediante sentencia dictada en esa misma fecha, archivándose en autos copia de su notificación el 2 de noviembre de 1995. ■

En la sentencia emitida, ese Tribunal formuló determinación, en la cual adjudica como cuestión de hecho, que la propiedad inmueble descrita en la demanda pertenece a la demandada, aquí apelada, señora Marisol Rodríguez Reyes, y a su hijo Wigberto Rosario Rodríguez. Hace referencia incorrectamente a ambos como co-demandados en el procedimiento de desahucio. La única demandada, de acuerdo con nuestro expediente, lo fue la señora Marisol Rodríguez Reyes.

La parte demandante-apelante presentó ante el Tribunal de Primera Instancia, el 10 de noviembre de 1995, escrito titulado *"Solicitud para que se formulen determinaciones de hechos adicionales y de reconsideración"* ■ la cual fue declarada sin lugar el 15 de noviembre de 1995, por resolución notificada el 16 de noviembre de 1995. ■

## II

Es doctrina establecida por nuestro Tribunal Supremo que los conflictos de título no pueden dilucidarse en el juicio de desahucio, por ser éste uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *Negrón v. Corujo,* 67 D.P.R. 398 (1947); *Escudero v. Mulero,* 63 D.P.R. 574 (1944); *Palermo v. Corte,* 58 D.P.R. 189 (1941); *Rivera v. Santiago,* 56 D.P.R. 381 (1940); *González Martínez v. Marvel,* 56 D.P.R. 466 (1940); *González v. Colón,* 49 D.P.R. 557 (1936); *Brunet v. Corte,* 45 D.P.R. 901 (1933); y *C.R.U.V. v. Román,* 100 D.P.R. 318 (1971). A tono con tal doctrina si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio. *Escudero v. Mulero, supra* y *C.R.U.V. v. Román, supra.* Tal conflicto debe ser dilucidado en el juicio declarativo correspondiente, *González v. Colón, supra*; *Laureano v. Díaz,* 48 D.P.R. 705 (1935); *Brunet v. Corte, Supra; Ermita de Ntra. Sra. del Rosario v. Collazo,* 41 D.P.R. 596 (1930); y *C.R.U.V. v. Román, supra.*

En el caso de autos, el Tribunal de Primera Instancia, una vez identificado el conflicto de título, resolvió, como cuestión de hecho, quién era el titular del inmueble. Erró al así hacerlo. Tal conflicto debía ser dilucidado en juicio declarativo y no en juicio de desahucio, por ser éste uno sumario cuyo propósito es recobrar la posesión por quien tiene derecho a la misma. Lo único que le era propio al Tribunal de Primera Instancia era determinar que no procedía el desahucio de la parte demandada, aquí apelada, por haber conflicto de título, entre las partes, que dilucidar en juicio declarativo.

## III

Por los fundamentos antes expuestos, revocamos la determinación que, como cuestión de hecho, formuló el Tribunal de Primera Instancia en su sentencia, a los efectos de dilucidar quién es el titular del inmueble por no proceder la misma, como cuestión de derecho, en un juicio de desahucio. Se confirma la determinación del Tribunal de Primera Instancia al declarar sin lugar la demanda, por existir conflicto entre las partes sobre la titularidad del inmueble.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 55

1. Apéndice I, pág. 1, del apéndice conjunto.

2. Apéndice II, pág. 2, del apéndice conjunto.

3. Apéndice V, págs. 6-8, del apéndice conjunto.

**4.** Apéndices III y IV, págs. 3-5, del apéndice conjunto.

**5.** Apéndice VI, págs. 9-10, del apéndice conjunto.

**6.** Apéndices VII y VIII, págs. 11-12, del apéndice conjunto.