# 2007 DTA 98

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL ESPECIAL**

TRIUM CORP.
Apelada

v.

JANISSE MARTÍNEZ RUIZ
Apelante

Núm. KLAN-06-01487

San Juan, Puerto Rico, a 9 de agosto de 2007

Panel especial integrado por su Presidenta, la Juez García García,
y las Juezas Coll Martí y Varona Méndez

Coll Martí, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece la recurrente Sra. Janisse Martínez Ruiz, y mediante escrito de Apelación solicita la revisión de una Sentencia Parcial en la cual el Tribunal declaró *Con Lugar* una Demanda de Desahucio presentada contra ella. El Tribunal dejó a su vez viva una causa de acción instada contra tercero por la recurrente. Además, apela de una Orden en la que el Tribunal de Instancia declaró *No Ha Lugar* una moción para la solicitud de determinaciones adicionales de hechos.

Por los fundamentos que pasamos a exponer, SE CONFIRMA la Sentencia apelada.

## I

Pasemos a revisar los hechos que dan lugar a nuestra determinación.

El 19 de diciembre de 2002 se suscribió un contrato de arrendamiento de un local comercial en el Condominio Plaza del Condado Mall, local #4, ubicado en la Avenida Condado #64 en San Juan Puerto Rico. El local fue arrendado a la Sra. Janisse Martínez Ruiz por Plaza del Condado S.C., dueños en ese entonces del inmueble. El contrato comenzaba su vigencia el 1 de marzo de 2003, con un término de duración de 60 meses y un canon de arrendamiento escalonado. La Sra. Martínez estableció un negocio conocido como D'Tanning Spa en dicho local.

El 27 de septiembre de 2005, Plaza del Condado S.C. vendió el local a la empresa Multi Sources Corporation. El 16 de febrero de 2006, Multi Sources Corporation presentó una demanda sobre desahucio y cobro de dinero alegando la falta de pago de los cánones de arrendamiento. El 24 de abril de 2006, el tribunal desestimó la Demanda, Artículo 623, 32 L.P.R.A. 2838, al presentarse prueba de que la Sra. Martínez había pagado todos los cánones, aunque irregularmente, y Multi Sources Corporation había así aceptado los pagos. La demanda se archivó el 28 de abril de 2006.

Multi Sources Corporation vendió entonces el local ocupado por la Sra. Martínez a Trium Corp. El 23 de mayo de 2006, Trium Corp. presentó demanda de desahucio y alegó en ella que la Sra. Martínez no tenía contrato de arrendamiento alguno con Trium Corp., que Trium Corp. era el titular registral del inmueble, que no había acordado con la Sra. Martínez ningún contrato de arrendamiento y que, de haber un contrato anterior, este no estaba inscrito en el Registro de la Propiedad; por tanto, no surtía efecto contra terceros. La Sra. Martínez, por su parte, contestó la demanda con las defensas afirmativas de que tenía un contrato vigente que le autorizaba a utilizar el local comercial y presentó demanda contra terceros a Multi Sources Corporation.

El 29 de junio de 2006 y 29 de septiembre de ese mismo año hubo dos comparencias ante el tribunal. En ellas, el abogado de Trium Corp. presentó alegaciones de que el contrato suscrito entre Plaza del Condado S.C. y la Sra. Janisse Martínez no constaba inscrito en el Registro de la Propiedad, por lo que no surtía efecto ante terceros. Por otro lado, la Sra. Martínez alegó que se le había inducido a creer que existía un contrato válido con todos sus elementos. El Tribunal de Primera Instancia dictó allí una Sentencia Parcial en la cual determinó que no existía contrato de arrendamiento entre las partes y decretó el desahucio en contra de la Sra. Martínez Ruiz.

Además, dejó viva la Demanda contra tercero iniciada por la Sra. Martínez Ruiz para seguir su trámite mediante acción ordinaria.

El 9 de octubre de 2006, la Sra. Martínez Ruiz presentó una *Moción de Determinaciones Adicionales de Hechos al Amparo de la Regla 43.3 de Procedimiento Civil*. Dicha *Moción* fue declarada *No Ha Lugar* por el tribunal.

Inconforme con las determinaciones del Tribunal de Primera Instancia, la aquí apelante, Sra. Janisse Martínez Ruiz, comparece ante nos señalando los siguientes errores:

*"Erró el Honorable Tribunal de Primera Instancia, Sala de San Juan, al declarar No Ha Lugar una Moción en Solicitud de Determinaciones Adicionales de Hechos sometida por la Recurrente.*

*Erró el Tribunal al disponer sumariamente del pleito de desahucio cuando existían controversias reales desde la existencia de un contrato entre las partes y los pagos de arrendamiento hechos y aceptados por la Demandante y mejoras realizadas a la propiedad."*

## II

La figura del Desahucio contempla un procedimiento especial descrito en el Código de Enjuiciamiento Civil. 32 L.P.R.A. sec. 2821, *et seq*. La disposición de nuestro ordenamiento jurídico que regula la acción de desahucio es el Artículo 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2821. Dicho artículo manda: *"Tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios y cualquier otro que tenga derecho a disfrutarla y sus causahabientes."* Esta acción procederá contra *"los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas, puestos por el propietario en sus fincas y cualquiera otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna".* Art. 621 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2822.

Para instar una acción de desahucio se debe ofrecer prueba de que el promovente sea dueño de la finca, usufructuario y cualquier otro que tenga derecho a disfrutarla y sus causahabientes como nos dice el Artículo 620 del Código de Enjuiciamiento Civil antes señalado.

El Tribunal Supremo ha señalado respecto al desahucio en el caso normativo, *Turabo LTD. Partership v. Velardo Ortiz*, 130 D.P.R. 226, 234, 235 (1992), que:

*"El desahucio es uno de los procedimientos sumarios más utilizados para reivindicar la posesión y el disfrute de un inmueble. El procedimiento de desahucio debe mantener su naturaleza sumaria, por lo que su conversión a un procedimiento ordinario descansa en la sana discreción del Tribunal de Primera Instancia."*

El proceso tiene la particularidad de permitir un procedimiento expedito con una comparecencia inicial que debe ser pautada dentro de los 10 días desde la radicación de la demanda y una segunda comparecencia para la celebración de juicio. 32 L.P.R.A. sec. 2826. El Tribunal de Primera Instancia está obligado a dictar una sentencia dentro del término más breve posible. 32 L.P.R.A. sec. 2826. En cuanto a la presentación de la evidencia, las pruebas documentales en las que se fundamente el demandante y demandado deberían presentarse en las dos comparecencias que cite el Tribunal. 32 L.P.R.A. sec. 2827.

Por otro lado, la acción de desahucio sólo procede cuando el demandado no ostente título o derecho alguno que justifique su ocupación del inmueble objeto del litigio. *C.R.U.V. v. Román*, 100 D.P.R. 318 (1971). De existir conflictos de título, éstos no pueden dilucidarse en una acción de desahucio por ser éste uno de carácter sumario en el cual, únicamente, se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *Cruz v. Román*, 110 D.P.R. 318, 321 (1971); *Negrón v. Corujo*, 67 D.P.R. 398 (1947); *Escudero v. Molero*, 63

D.P.R. 574 (1944); *Palermo v. Corte*, 58 D.P.R. 189 (1941).

El demandado en un desahucio puede producir prueba que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante. En tal caso, la controversia debe resolverse en el juicio plenario correspondiente. *C.R.U.V. v. Román, supra*, a la pág. 322.

De otro lado, en *Cruz v. Sanz*, 67 D.P.R. 173, 175 (1947), se estableció que:

*"Sólo puede existir el conflicto de título cuando el demandado opone un título de dominio que tienda a justificar que la posesión en que se halla no es la de arrendatario, administrador, custodio del inmueble o lo disfrute en concepto de precarista, es decir, sin título por tolerancia del dueño y sin satisfacer renta o merced alguna."* (Énfasis nuestro.)

En resumen, *C.R.U.V. v. Román, supra*, nos expone:

*"Es doctrina general establecida por este Tribunal que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser éste uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. Negrón v. Corujo, 67 D.P.R. 398 (1947); Escudero v. Mulero, 63 D.P.R. 574 (1944); Palermo v. Corte, 58 D.P.R. 189 (1941); Rivera v. Santiago, 56 D.P.R. 381 (1940); González Martínez v. Marvel, 56 D.P.R. 466 (1940); González v. Colón, 49 D.P.R. 557 (1936); Brunet v. Corte, 45 D.P.R. 901 (1933). A tono con tal doctrina, si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante, surge un conflicto de título que hace improcedente la acción de desahucio. Escudero v. Mulero, supra. Tal conflicto, hemos resuelto, debe ser dilucidado en el juicio declarativo correspondiente, Gonzalez v. Colon, supra; Laureano v. Díaz, 48 D.P.R. 705 (1935); Brunet v. Corte, supra; Ermita de Ntra. Sra. del Rosario v. Collazo, 41 D.P.R. 596 (1930); pero no debemos extender este principio a casos en que no hay posibilidad de título en favor de la parte demandada. Lippit v. Llanos, 47 D.P.R. 269 (1934)."* (Énfasis nuestro.)

La Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.2, dispone, en lo que aquí nos concierne, que en todos los pleitos el tribunal especificará los hechos probados y consignará sus conclusiones de derecho además de ordenar que se registre la sentencia que corresponda. Se ha señalado que en cuanto a la apreciación de la prueba desfilada ante el tribunal de instancia, el alcance de la revisión judicial sobre cuestiones de hechos está regulado por lo dispuesto en esta Regla 43.2 de las de Procedimiento Civil, *Id*. Nuestro Tribunal Supremo ha establecido que no debemos intervenir con las determinaciones de hechos que hace un tribunal de instancia y sustituir nuestro criterio por el del juzgador ante quien declararon los testigos y quien tuvo la oportunidad de verlos declarar y apreciar su *demeanor. Ramos Acosta v. Caparra Dairy Inc.*, 113 D.P.R. 357, 365 (1982). Únicamente debemos intervenir cuando, de un análisis de la totalidad de la evidencia realizado por el foro revisor, se desprenda que se ha cometido un error. *Maryland Casualty Co. v. Quick Const. Corp.*, 90 D.P.R. 329, 336 (1964).

Por su parte, La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3, regula las enmiendas o determinaciones iniciales o adicionales de hechos. Dicha Regla dispone como sigue:

*"No será necesario que se consignen determinaciones de hechos a los efectos de una apelación o revisión, pero a moción de parte presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo*

*con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas o no haya solicitado la sentencia."*

La moción de determinaciones de hechos adicionales se notificará a las demás partes en el pleito dentro de los diez (10) días establecidos por esta regla para presentar la misma ante el tribunal. El término para notificar será de cumplimiento estricto.

En cuanto a la moción de determinaciones de hechos adicionales, hemos de recordar que dicho mecanismo, utilizado legítimamente, va dirigido a la consecución de un ideal de justicia exento de errores. *Roldán v. Lutrón,* 151 D.P.R. 883, 890-891 (2000). En vista de tal propósito, en su proyección adjudicativa inmediata, su razón de ser es brindarle al tribunal sentenciador la oportunidad de enmendar o corregir cualquier error cometido, esto es, hacer cumplida justicia. *Dumont v. Inmobiliaria Estado Inc.,* 113 D.P.R. 406 (1982). Dicha moción se presenta para que el tribunal que dictó la Sentencia la corrija mediante enmiendas formulando determinaciones de hechos, a base de la prueba presentada en el juicio o conclusiones de derecho pertinentes al fallo. Rafael Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, San Juan: Michie de Puerto Rico, 1997, sec. 5001, pág. 314.

De la letra clara de la citada Regla 43.3 de Procedimiento Civil, *supra,* se desprende y resulta evidente que el Tribunal de Primera Instancia no está obligado a hacer determinaciones de hechos y de derecho adicionales luego de ser solicitadas por una o más partes; ello, de estimar que las mismas no proceden. *Blás v. Hosp. Guadalupe,* 146 D.P.R. 267, 319 (1998). Ciertamente, el juez tiene discreción para denegar tal moción, pues, en esencia, sólo procede para corregir errores manifiestos de hechos o de derecho. José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Tomo II, San Juan: **Publicaciones JTS**, 2000, pág. 695.

Conforme lo anterior, en el citado caso de *Blás v. Hosp. Guadalupe, supra,* a la pág. 319, nuestro Tribunal Supremo expresó que la utilización de la palabra *"podrá"* en el texto de la propia disposición reglamentaria, le imparte un carácter discrecional para que el juez evalúe si realmente procede hacer las determinaciones que le hayan sido solicitadas. Incluso podemos apreciar que la regla advierte claramente que el tribunal podrá enmendar las determinaciones iniciales y podrá enmendar la sentencia de conformidad.

Por tanto, es principio fundamental en derecho que para que proceda una moción al amparo de la Regla 43.3, *supra,* ésta ha de exponer cuestiones sustanciales relacionadas con determinaciones de hechos o conclusiones de derecho materiales. El distinguido jurista, José A. Cuevas Segarra, ha expresado que el principal fundamento que rige la solicitud de determinaciones adicionales es *"que el juez de instancia quede satisfecho de que ha atendido todas las controversias de forma propia y completa y, además, para permitir a las partes y al foro apelativo estar completamente informados de la base de la decisión".* J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil, supra,* **Publicaciones JTS**, a la p. 695. La práctica forense exige que toda moción sobre determinaciones de hechos adicionales o de enmienda, constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y fundarse en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes. *Andino v. Topeka, Inc.,* 142 D. P.R. 933, 939-940 *(1997)*; José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil, supra,* **Publicaciones JTS**, a la p. 695.

### III
La parte recurrente plantea que erró el foro Sentenciador al disponer sumariamente del pleito de desahucio cuando existían controversias reales que daban lugar a la existencia de un contrato y el declarar *No Ha Lugar* una moción de determinaciones adicionales de hechos. Al examinar los documentos presentados por la recurrente y las alegaciones planteadas por ambas partes determinamos que no le asiste la razón a la recurrente

en sus señalamientos de error.

La figura del desahucio en nuestro ordenamiento jurídico consta de un procedimiento especial de naturaleza sumaria que sólo procede cuando el demandado no ostenta título o derecho alguno que justifique la ocupación del inmueble objeto del litigio. Por lo tanto, si existen conflictos de título no podrían estos dilucidarse en una acción de desahucio por ser ésta una de carácter sumario en la cual se trata de recobrar la posesión de un inmueble por quien tiene derecho a este. La figura del desahucio promueve el procedimiento expedito por medio de dos comparecencias donde el demandante presenta prueba de que se tiene título de la propiedad que se reclama. Por otro lado, el demandado tiene que presentar prueba que sustente que tiene un título tan bueno o mejor que el del demandante. Así se traba, entonces, una controversia de título. Si no se presenta prueba que rebata el título probado por el demandante, no hay controversia de título y por tanto procede el procedimiento expedito del desahucio.

En el caso de autos hubo dos comparecencias en las que asistieron ambas partes y surge de la Sentencia Parcial que *"el Tribunal recibió evidencia de que Trium Corp., es el titular del inmueble y la señora Janisse Martínez Ruiz no tiene contrato de arrendamiento que oponer al demandante."* (Véase Sentencia Parcial p.1; AP a la pág. 20.) El tribunal consideró los argumentos de ambas partes, aquilató la prueba presentada y determinó que Trium Corp. era el titular del inmueble. Como señaláramos anteriormente, cuando no hay posibilidad de título a favor de la parte demandada no se extiende el principio de conflicto de títulos que requiere un juicio plenario para resolver la controversia. En este caso no existe una controversia de título. Por tanto, no erró el Tribunal al declarar *Con Lugar* la Demanda de Desahucio en la Sentencia Parcial.

La *Moción de Determinaciones Adicionales de Hechos bajo la Regla 43.3 de Procedimiento Civil, supra,* se presenta para que el tribunal que dictó la Sentencia la corrija mediante enmiendas, formulando determinaciones de hechos, a base de la prueba presentada en el juicio o conclusiones de derecho pertinentes al fallo. La Regla aludida imparte un carácter discrecional al juez para que éste evalúe si realmente procede hacer las determinaciones que le hayan sido solicitadas. El Tribunal de Primera Instancia no está obligado a hacer determinaciones de hechos y de derecho adicionales luego de ser solicitadas por una o más partes si estima que las mismas no proceden. Ciertamente, el juez tiene discreción para denegar tal moción, pues, en esencia, sólo procede para corregir errores manifiestos de hechos o de derecho. Además, es necesario que la moción exponga cuestiones sustanciales relacionadas con las determinaciones de hechos o conclusiones de derecho materiales en la controversia. De una evaluación de la moción en controversia, concluimos que la misma no expone una cuestión sustancial que amerite una determinación adicional de hecho o de derecho por el Tribunal de Primera Instancia. ■ No erró el Tribunal de Primera Instancia al declarar *No Ha Lugar* a la Moción al amparo de la Regla 43.3 de las de Procedimiento Civil.

**IV**

Por los fundamentos expuestos anteriormente, SE CONFIRMA la Sentencia apelada.

Lo acuerda y manda este Tribunal y lo certifica la Secretaria.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones