María E. Brunet y José Avilés, peticionarios, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 939.—*Sometido:* Noviembre 27, 1933. *Resuelto:* Diciembre 13, 1933.

*Virgilio Brunet,* abogado de los peticionarios; *Pascasio Fajardo,* abogado del demandante en el pleito principal.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José Nine promovió ante la Corte Municipal de Mayagüez una acción de desahucio contra María Brunet y José Avilés, en la cual solicitó que los demandados peticionarios fuesen desalojados de una finca urbana que adquirió en 13 de julio de 1932. La acción ejercitada se basa en un contrato de arrendamiento verbal celebrado, según el demandante, con los peticionarios, y se alega que éstos se han negado a satis-

facer los cánones convenidos a pesar de estar vencidos y de haber sido requeridos de pago. Los demandados negaron que hubiesen celebrado el contrato verbal alegado por el demandante y adujeron en oposición que sus menores hijos Jesús María Avilés Brunet y José Avilés Brunet son los únicos dueños en pleno dominio de la casa objeto del desahucio, la cual han venido poseyendo y poseen en la actualidad y habitan en ella, en unión de sus legítimos padres los aquí peticionarios María E. Brunet y José Avilés. Se alega además que esta finca la adquirieron los menores por donación que de la misma les hiciera don Maximino Brunet en 11 de abril de 1930, según consta en escritura pública otorgada ante notario en la ciudad de Mayagüez.

La corte municipal dictó sentencia declarando sin lugar la demanda. Apeló el demandante y en la vista del caso ante la Corte de Distrito de Mayagüez se eliminaron, a petición del mismo, todas las alegaciones y defensas especiales presentadas por los peticionarios con excepción de la parte en que los demandados negaban la existencia del contrato de arrendamiento. En vista de esta eliminación, la corte no tuvo la oportunidad de considerar la escritura de donación otorgada a favor de los menores que los demandados ofrecieron como prueba en apoyo de las alegaciones de la contestación que fueron eliminadas. Los demandados solicitaron de esta corte la expedición de un auto de *certiorari,* para revisar los procedimientos de la Corte de Distrito de Mayagüez, y como fundamento de su solicitud sostiene que la corte cometió error al ordenar la eliminación de toda aquella parte de la contestación en la acción de desahucio en la cual los demandados alegan que los únicos dueños de la propiedad son sus menores hijos Jesús María Avilés Brunet y José Luis Avilés Brunet, y que dichos demandados han venido ocupando y actualmente ocupan dicha propiedad, por ser ellos los padres legítimos de los citados menores, quienes hubieron la descrita propiedad más de dos años antes de que el demandante ilegalmente la hubiera adquirido.

El artículo 9 de la Ley de Desahucio dice que cuando la demanda se funde en falta de pago del canon o precio convenido en un contrato, no se admitirá al ·demandado otra prueba que la del recibo o cualquier otro documento en que conste haberse el pago verificado. Las pruebas de ambas partes comprenderán los hechos fundamentales de la cuestión principal. Este precepto no tiene aplicación al presente caso, en que los demandados niegan haber celebrado contrato alguno de arrendamiento con el demandante, y por el contrario afirman que los menores han venido poseyendo y poseen actualmente la casa objeto de la acción que se ejercita, en unión de sus legítimos padres los aquí peticionarios María Brunet y José Avilés. Como se ve, los demandados alegan el título en virtud del cual están poseyendo la propiedad, y no debe discutírseles el derecho de sostener esta alegación y probar que su posesión no se basa en contrato alguno, sino en el título por ellos alegado. Claro es que los derechos del demandante no deben estar a merced de una alegación de título que no esté sostenida por la prueba; pero si después de aportada toda la evidencia se establece prima facie, real y efectivamente un conflicto de título, este conflicto debe dilucidarse en el juicio declarativo correspondiente y no en el procedimiento especial, rápido y sumario de la acción de resahucio.

En el caso de *Mas et al.* v. *Borinquen Sugar Co.,* 18 D.P.R. 312, esta corte se expresó así:

"Nos inclinamos a convenir con el apelante en que una ley como ésta, que en los Estados Unidos en casos de acciones establecidas por falta de pago limitaran las defensas a la presentación en evidencia del recibo u otro documento que acredite el pago, no constituiría debido procedimiento de ley. No es necesario discutir en este caso ninguna cuestión constitucional porque no creemos que la legislatura tuviera la intención de limitar el derecho. Resolver otra cosa sería proporcionar al propietario una oportunidad, ya negándose a aceptar el canon cuando estuviera vencido, o estableciendo una acción prematura, para anular las defensas, terminando así, de modo arbitrario, el contrato que existía. Un extraño podría entrar

en posesión de la propiedad de otra persona alegando simplemente la propiedad de la misma, el arrendamiento y falta de pago, y no podría el arrendatario negar el arrendamiento ni la propiedad. Cuando las palabras de un estatuto conducen a un absurdo como el presente al interpretarlas literalmente, y quizás a resultados anti-constitucionales, la corte está en el deber de resolver por cualesquiera otros medios que tenga a su alcance, cuál fué la intención de la legislatura. (Church of the Holy Trinity v. U. S., 143 U. S. 457; Oates v. National Bank, 100 U. S. 239; Interstate Drainage & Investment Co. v. Board of Commissioners of Freeborn Co., Minn. 158 Fed. Rep. 270.)

''Creemos que las palabras de dicho artículo 9 se limitan sola-mente a los casos en que el demandado combate el hecho relativo a la falta de pago y funda su defensa en el hecho del pago. Esto parece resultar en parte de las palabras 'en que conste haberse el pago verificado.' A nada conduciría el tratar de probar el pago si la defensa fuera, por ejemplo, que el canon estipulado no estaba vencido, o que existía un *estoppel* o bien que el demandado había sido relevado debidamente de su obligación. El artículo continúa como sigue: 'Las pruebas de ambas partes comprenderán los hechos fundamentales de la cuestión principal.' Cuando la defensa princi-pal es alguna otra que no sea la del pago, los hechos fundamentales que han de probarse no podrían fácilmente ser ni un recibo u otro documento en que conste que se ha hecho el pago.''

█ Alega el demandante que dentro de las circunstancias tal vez hubiera sido procedente para los menores hijos de los demandados haber presentado una demanda de interven-ción, previo permiso de la corte, alegando ser ellos los dueños de la propiedad en cuestión; pero que los demandados no pueden consignar defensa alguna que ataña a tercera per-sona y desvirtuar así el derecho de un demandante a desahu-ciar a quien no ostente título alguno de la propiedad a su favor. Convenimos en que los menores han podido presen-tar una demanda de intervención en este caso para defender directamente sus derechos. El padre, sin embargo, que tiene sobre sus hijos la patria potestad, alega que está poseyendo la finca en unión de sus hijos, quienes son dueños legítimos de la misma. De acuerdo con el artículo 155 del Código Civil, los bienes que el hijo no emancipado haya adquirido

o adquiera con su trabajo o industria, o por cualquier título lucrativo, pertenecen al hijo en propiedad y en usufructo a los padres que le tengan en su potestad y compañía. En la contestación se alega que los hijos habitan la casa en unión de sus padres. De manera que el Sr. Avilés, al alegar el dominio de la finca a favor de sus hijos, comparece también en su propio derecho, defendiendo la posesión de la cual deriva el usufructo que tiene como padre sobre los bienes de sus hijos que están bajo su potestad y compañía. Las alegaciones de la contestación fueron indebidamente eliminadas, y no habiéndoseles permitido a los demandados alegar y probar las defensas que propusieran, *debe anularse la sentencia dictada.*