Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| JG B, LLC.<br>Apelado<br><br>v.<br><br>GLI PET SERVICES, LLC.<br>Apelante | KLAN202301017 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Corozal en Toa Alta<br><br>Caso Núm.<br>TA2023CV01039<br><br>Sobre:<br>Desahucio |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece GLI Pet Services, LLC., (GLI Pet Services o el apelante), solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Municipal de Corozal (TPI), el 6 de noviembre de 2023. Mediante su dictamen el foro primario declaró *Ha Lugar* una *Demanda de Desahucio* presentada por JG B, LLC., (JG B o apelado), ordenando el desalojo del apelante.

**I. Resumen del tracto procesal**

El 19 de enero de 2022, JG B y el apelante suscribieron un contrato de arrendamiento sobre un espacio comercial ubicado en el centro comercial Plaza Estrella, en la Carretera Estatal PR-159 KM. 15.5, Corozal, P.R., por un término de tres años, en el cual el primero sería el arrendador y el segundo el arrendatario.[1] A tenor, el apelante pagaría a JG B un canon de arrendamiento de $1,200.00 mensuales, pagadero el primer día de mes.[2]

---

[1] Anejo 4 del recurso de apelación, pág. 29.
[2] *Íd.,* pág. 30.

Sin embargo, el 12 de octubre de 2023, JG B presentó una *Demanda* de desahucio contra el apelante, alegando el incumplimiento del pago de los cánones de arrendamiento pactados. La apelada adujo que, luego de varios requerimientos de pago a través de comunicaciones escritas a GLI Pet Services, éste no había cumplido su obligación, adeudando $1,835.00 por cánones de arrendamiento atrasados. La apelada también alegó que se trataba de la segunda demanda en la que solicitaba el desahucio del apelante, por la misma causa. Ante ello, peticionó que se ordenara el desahucio del apelante de la propiedad arrendada.

A raíz de lo cual, el 24 de octubre de 2023, el apelante presentó *Contestación a Demanda y Reconvención.* En esencia, sostuvo que JG B había incumplido con el contrato, puesto que no le había permitido la instalación de un contador de electricidad y le negó medir su consumo eléctrico de manera independiente. De igual forma, afirmó que el apelado tampoco le había designado un espacio para establecer el área del parque para perros, a pesar de así haber sido acordado, afectando sus operaciones comerciales. Por último, aseveró que JG B había incumplido con su obligación de buscar soluciones razonables y de buena fe a la controversia, no habiendo atendido las propuestas para solucionar la situación presentada y devolviendo los pagos por renta presentados.

La respuesta del apelante a la demanda, según descrita en el párrafo que precede, se instó el mismo día en que correspondía celebrar la vista en su fondo. Previo al inicio de la referida vista, el apelante solicitó que el proceso se convirtiera en uno ordinario, alegando que la parte apelada también había incumplido con el contrato de arrendamiento. Además, solicitó que se le permitiera consignar en el Tribunal el pago de la renta solicitado.[3] A esto, el apelado ripostó que en la acción instada solo se solicitó como remedio el desahucio, sin requerir cobro de dinero, por lo que

---

[3] Anejo 8 del recurso de apelación, pág. 63.

no procedía conceder la conversión del pleito al proceso ordinario. También advirtió, que no había podido examinar la contestación a la demanda, presentada el mismo día de la vista en su fondo.

Escuchados los planteamientos de las partes, el TPI determinó celebrar la vista en su fondo. De conformidad, el foro primario tuvo la oportunidad de sopesar la prueba testifical presentada, esta última a través de la señora Paula Soldevilla Piñeiro, testigo de la parte apelada. Según fue recogido en la *Minuta[4]* donde se plasmaron las incidencias de la vista en su fondo, la señora Soldevilla Piñeiro testificó, en síntesis, sobre el contrato de arrendamiento suscrito por las partes, que el apelante adeudaba $1,835.00 en concepto de canon de arrendamiento, y que un pago presentado por este para el mes de octubre fue devuelto, por instrucciones del abogado de la apelada. Finalizado dicho testimonio, GLI Pet Services informó que no estaría sentando a declarar a su testigo, el señor Marcos Torres Ortiz, por lo que el caso quedó sometido para la consideración del tribunal *a quo*.

Así las cosas, el foro apelado determinó ordenar que el apelante desalojara la propiedad arrendada, e impuso una fianza de $3,035.00 en caso de que este se dispusiera a acudir al Tribunal de Apelaciones a revisar el dictamen emitido.

Posteriormente, el 6 de noviembre de 2023, el TPI dictó la *Sentencia* cuya revocación nos solicita el apelante, declarando *Ha Lugar* la *Demanda* sobre desahucio presentada. En dicho dictamen fueron enumeradas las siguientes determinaciones de hechos:

1. Partes suscribieron un contrato de arrendamiento en 2022 por el periodo de 3 años. En este, la parte demandada se comprometió a realizar el pago de $1,200.00 mensual por el uso de un espacio comercial en el Centro Plaza Estrella.

2. El centro comercial ubica en la carr. 159 en Corozal.

3. En el local, la parte demandada lleva a cabo servicio de grooming, hotel y tienda de accesorios para animales domésticos.

---

[4] Apéndice 8 del *recurso de apelación*, pág. 64.

4. El acuerdo de pago establece que la parte demandada debía realizar el pago del canon los primeros 5 días del mes. Véase, pág. 3 del contrato.

5. La parte demandada incumplió con la mencionada disposición. En el mes de septiembre de 2023, la parte demandada realizó el pago incompleto. Al 10 de octubre de 2023, no había realizado el pago correspondiente a dicho mes.

6. El contrato dispone además que, la violación a una de las cláusulas podría promover una acción en desahucio. Véase, pág. 8 del contrato.

7. Al mes de octubre la parte demandada adeuda a la parte demandante $1835.00 en concepto de cánones de arrendamiento atrasados.[5]

Según ya dicho, el foro primario determinó que procedía la acción de desahucio incoada por el apelado, ante el incumplimiento de GLI Pet Services con su deber de pagar los cánones de arrendamiento, conforme se obligó en el contrato suscrito.

En desacuerdo, el apelante acude ante nosotros planteando los siguientes señalamientos de error:

**PRIMER ERROR:** ERRÓ EL TPI AL PROVEER HA LUGAR LA DEMANDA DE DESAHUCIO A PESAR DE QUE LA PARTE DEMANDADA, AQUÍ APELANTE, PRESENTÓ DEFENSAS AFIRMATIVAS EN RELACIÓN AL PROCESO DE DESAHUCIO Y SOLICITÓ CONVERTIR EL PROCESO EN UNO ORDINARIO CONFORME AL PRECEDENTE DEL HONORABLE TRIBUNAL EN ATPR V. SLG VOLMAR- MATHIEU, 196 DPR 5, 10 (2016).

**SEGUNDO ERROR:** ERRÓ EL TPI AL ENTENDER QUE EL DEMANDANTE, AQUÍ APELADO, CUMPLIÓ CON LOS REQUISITOS EN LEY PARA QUE PROCEDA EL DESAHUCIO SUMARIO CONFORME EL SUBTÍTULO III DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.

El 17 de noviembre de 2023, emitimos *Resolución* concediéndole término al apelado para presentar alegato en oposición. Posteriormente, el apelado presentó *Alegato en oposición a recurso de apelación.*

Contando con la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable.

---
[5] Anejo 1 del recurso de apelación, págs. 1-2.

## II. Exposición de Derecho

### A. Desahucio

El desahucio es el mecanismo que tiene el dueño de un bien inmueble para recuperar la posesión de hecho de tal propiedad, a través del lanzamiento o la expulsión del arrendatario o precarista que la retiene sin pagar los correspondientes cánones. *Ortiz Zayas v. ELA*, 2023 TSPR 43; *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020). Esta acción de desahucio puede solicitarse, ya sea mediante proceso sumario, o por vía ordinaria. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). En cuanto al desahucio sumario, el mismo está regulado por el Código de Enjuiciamiento Civil, específicamente en sus artículos 620 a 634, 32 LPRA secs. 2821-2838. Sobre tal carácter sumario, el Tribunal Supremo ha expresado que ello **responde al interés del Estado en atender rápidamente las reclamaciones por parte de los dueños de inmuebles que ven interrumpido su derecho a poseer y disfrutar de su propiedad**. (Énfasis provisto). *Ortiz Zayas v. ELA*, supra; *Cooperativa v. Colón Lebrón*, supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez,* supra, pág. 240; *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016).

Por otro lado, puesto que lo que se intenta recobrar en una acción de desahucio es la posesión, el máximo foro ha reiterado que, en la acción sumaria de desahucio, **se debe limitar la consolidación de otras acciones o defensas**. (Énfasis provisto). *ATPR v. SLG Volmar-Mathieu,* supra, pág. 10. **Cuando la demanda se fundamente en la falta de pago del canon o precio convenido en un contrato, no se admitirá otra prueba que la del recibo o cualquier otro documento que conste haberse verificado el pago.** (Énfasis provisto). Art. 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829. Sin embargo, en ocasiones, el Tribunal Supremo ha permitido la presentación de algunas defensas, siempre y cuando las mismas no desnaturalicen el espíritu del carácter

sumario del proceso de desahucio. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749 (1987).

**III. Aplicación del Derecho a los hechos**

a.

En el primer señalamiento de error el apelante sostiene que incidió el TPI al declarar Ha Lugar la demanda de desahucio, a pesar de haber presentado defensas afirmativas y solicitar que el proceso se convirtiera en uno ordinario.

Sépase que la conversión del proceso sumario al ordinario en casos sobre desahucio descansa en el sano discernimiento judicial, es decir, responde a consideraciones discrecionales. *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 241 (1992). Claro, tal discreción partirá de la consideración mínima que informa el proceso especial de desahucio, cuya característica principal es su tramitación expedita, *Ortiz Zayas v. ELA*, supra, y que responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar su propiedad. *ATPR v. SLG Volmar Mathieu*, supra. A lo que se suma que el propio Código de Enjuiciamiento Civil establece que cuando la demanda se fundamente en la falta de pago del canon o precio convenido en un contrato, no se admitirá otra prueba que la del recibo o cualquier otro documento que conste haberse verificado el pago. Art. 627 del Código de Enjuiciamiento Civil, *supra.*

El apelante esgrime que procedía la conversión del proceso sumario a ordinario, porque había hecho una inversión sustancial en el local arrendado y el apelado no había cumplido con su obligación de tener una conexión eléctrica independiente. Sin embargo, y para ser precisos sobre lo que dicha parte esgrimió ante el TPI, al examinar la *Contestación a demanda y reconvención* surge que el apelante alegó incumplimiento de contrato por parte del apelado porque este: (1) no le permitió la instalación

de un contador eléctrico y medir su consumo de electricidad de manera independiente; (2) no hizo esfuerzos amigables para resolver la controversia; (3) no designó un espacio para área *dog park.*[6]

Sobre lo anterior, debemos iniciar subrayando que, a pesar de haberse celebrado una vista evidenciaria en su fondo ante el foro apelado, en el recurso de apelación presentado no se hizo alusión alguna a la prueba testifical allí desfilada. Es decir, el apelante no solicitó la reproducción de la prueba oral que tuvo ante su consideración el TPI, por lo que no tenemos modo alguno de evaluar la evidencia que tuvo ante su consideración el tribunal *a quo*. *Pueblo v. Pérez Delgado*, 2023 TSPR 35. Difícilmente se podrá descartar la determinación impugnada, en ausencia de la reproducción de la prueba oral desfilada. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117 (2019). Esto es importante pues el apelante manifiesta en su recurso de apelación, que *presentó prueba* dirigida a establecer el pago de los cánones, y sobre las reparaciones que tuvo que hacer en el local. ¿A qué prueba se refiere? A ninguna que pueda demostrar pues, en la vista en su fondo solo se presentó una testigo, de la parte apelada, quien fue contrainterrogada por el apelante, pero no conocemos el contenido de lo testificado, y mucho menos sobre alguna prueba ofrecida por el apelante que fuera admitida. Además, el apelante optó por no sentar a declarar a su testigo, de modo que las alegaciones contenidas en la reconvención, sobre supuesto incumplimiento contractual por parte de la parte apelada, no llegaron a superar la condición de ser meras alegaciones. A lo que se debe añadir, que tampoco surge que en la vista evidenciaria el apelante hiciera un ofrecimiento de prueba para dejar constancia de cómo se disponía a demostrar las alegaciones incluidas en la reconvención, atinentes al alegado incumplimiento de contrato por la parte apelada. Regla 104(b) de Evidencia, 32 LPRA Ap. VI, R. 104(b).

---

[6] Apéndice 6 del *recurso de apelación*, págs. 44-45.

Aunque lo anterior dispone de este primer señalamiento, añadimos que las alegaciones incluidas en la reconvención no enmarcan dentro de las situaciones excepcionales que nuestro Tribunal Supremo ha reconocido para que ocasionalmente el proceso sumario de desahucio se convierta en uno ordinario. Es decir, no estamos ante una situación en la que se hubiese solicitado el desahucio de un inquilino que: esté bajo protección federal especial o de otras fuentes gubernamentales, *Turabo Ltd. Partnership v. Velardo Ortiz*, supra; tampoco se nos puso en posición, por no presentarse prueba al respecto, de que el apelante tuviera derecho a retener el inmueble arrendado hasta que se le reembolsaran los costos de las reparaciones realizadas, *Marín v. Montijo*, 109 DPR 268 (1979); *Brunet v. Corte*, 45 DPR 901 (1933); o que la obligación alegadamente incumplida fuera cardinal en el contrato de arrendamiento, *Mora Dev. v. Sandín*, supra. Es cierto que en el contrato de arrendamiento fue incluido un inciso en el cual la parte apelada se obligó a asignar un espacio exterior para uso exclusivo de "Dog Park",[7] pero hay carencia de prueba total sobre si tal obligación fue cumplida o incumplida, y si era una de las obligaciones *cardinales* del contrato de arrendamiento que hubiesen justificado convertir el proceso en ordinario.

En definitiva, estamos desprovistos por completo de bases para intervenir con el ejercicio discrecional del foro apelado al denegar la petición de conversión del proceso sumario al ordinario.

b.

Respecto al segundo señalamiento de error, el apelante sostiene que incidió el TPI al determinar que el apelado cumplió con los requisitos establecidos por ley para que procediera el desahucio sumario. No tiene razón.

---

[7] Apéndice 6 del *recurso de apelación*, pág. 48.

Según surge de las determinaciones de hechos enumeradas en la *Sentencia* apelada, (a las cuales debemos completa deferencia, por no contar este foro intermedio con algún medio de reproducción de la prueba oral), las partes suscribieron un contrato de arrendamiento, por un periodo de 3 años, estableciéndose un pago mensual por canon de arrendamiento de $1,200.00, para el uso del espacio comercial arrendado. De esos mismos hechos resulta que la parte apelante realizó un pago incompleto para septiembre de 2023, y que, para octubre de 2023, tampoco había realizado el pago correspondiente a dicho mes, adeudándole a la apelada $1,835.00 en cánones de arrendamiento atrasados.[8]

Resulta ya trillado, pero no por ello menos cierto, que *los foros apelativos debemos otorgar gran deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los tribunales de primera instancia. SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 338 (2021). En consecuencia, *los foros revisores no debemos intervenir con las determinaciones de hechos de los jueces de instancia, salvo que medie error manifiesto, pasión, prejuicio y, por ende, abuso de discreción. Íd.* No apreciamos que en las determinaciones de hechos del TPI hubiese mediado ninguna de las condiciones que nos habilitarían para intervenir con ellas.

Quepa aquí reiterar que el proceso especial de desahucio es el mecanismo que tiene el dueño de un inmueble para recuperar la posesión de una propiedad, centrándose dicho proceso únicamente en recobrar la posesión del inmueble, mediante el lanzamiento o expulsión del arrendatario o precarista que la retiene **sin pagar los correspondientes cánones**. (Énfasis provisto). *Cooperativa v. Colón Lebrón,* supra. De las determinaciones de hechos alcanzadas por el TPI se derivan cada uno de los elementos legales requeridos para que dicho foro concluyera que

---

[8] Apéndice 1 del *recurso de apelación*, págs. 1-2.

procedía el desahucio solicitado. Es decir, una vez probado el contrato de arrendamiento suscrito por las partes, cuyos cánones de arrendamiento fueron incumplidos por el apelante, solo restaba en este caso obrar como lo hizo el TPI, declarar Con Lugar la demanda de desahucio presentada y ordenar el desalojo del apelante.

De nuevo, no hay rastro de circunstancia que nos permita intervenir con las determinaciones de hechos en este caso, por lo que se impone la conclusión de que las conclusiones de derecho ser ajustaron a derecho, procede confirmar.

**IV. Parte dispositiva**

Por los fundamentos expuestos, se *confirma* la *Sentencia* recurrida.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones